May it please the Court, Paul Gabbard for the Claimant Appellants, Glynn and Kiyoko Ito. This case is controlled by three rules of law. The Ninth Circuit ruled that judicial approval of dismissals without prejudice under Rule 41 cannot prejudice a legal interest, claim, or argument of, or unfairly affect, the non-moving party. Cases such as the Westland Water District, Waller v. Financial Corps, and Stevedoring Services of America stand for that proposition. In a CAFRA case such as this, a dismissal without prejudice necessarily prejudices and unfairly affects the claimant's legal interest in and claim and argument for an award of statutory attorney's fees and costs because the claimant is not a prevailing party under Buchanan, Miles, Oscar, and Judge Fisher's opinion in CADCAN and therefore is ineligible to apply for a fee award. So what would you have us do? Reverse the district court's order dismissing the case without prejudice with directions to dismiss the case with prejudice. Okay. And my third point was where a district court makes an order based on one or more legal errors, as the district court here did, that is a per se abuse of discretion. Now, before I proceed any further, do any members of the panel have any questions from me? I think you framed the issue, so I'm not sure you need to proceed further. Do you concede you could have made a better record in the district court? Your Honor, I think we can always make a better record in hindsight. I think our record, that said, is totally adequate because we repeatedly cited Buchanan. And contrary to the district court's clearly erroneous mischaracterization of our position, we never said that a dismissal without prejudice merely reduced the likelihood that the court would subsequently award fees and costs. And then that's repeatedly repeated in the government's brief. But we never said that. We clearly said under Buchanan we wouldn't be a prevailing party and we were not entitled to fees. And that's why when the court issued an internally contradictory order that said it's dismissed without prejudice, now I'm setting a briefing schedule, and now you can go ahead and apply for your fee award, we looked at it and we said we can't do that under Rule 11 because under Buchanan we're not a prevailing party, so we can't apply under CAFRA. And CAFRA takes this case out of the American rule, but even if somehow this case fell into the American rule in the limited exception under Rule 41A2, and the court could impose fees and costs as a condition of a dismissal without prejudice, it couldn't do so here because only Congress can waive sovereign immunity. And Congress had not waived sovereign immunity, so there was no way to award those fees or costs. So we brought that to the court's attention in a motion for reconsideration because we thought the court had been affirmatively misled by the government's briefing which said you can do this now, dismiss the case without prejudice, over our strong objection and over our cross motion to do the exact opposite, and then you can decide these fees and costs later when you absolutely, unequivocally, clearly cannot do that. And under Waller, where this Court held that an infringement of a contractual right was the prejudice to a legal interest claim or argument, clearly stripping the client of the ability to apply for CAFRA fees qualifies as that. So that shows that the Court's actions were an abuse of discretion as a matter of law right there before you even get to the fact that the government acknowledged that what it was trying to do here and what it actually achieved was to get the case dismissed without prejudice and then say, but we're not going to refile it, which, of course, doesn't satisfy Judge Fischer's opinion in Katkin where Oscar and Miles were read together in light of Buchanan, where you have to have prevailing party status as a threshold to get in the door to make your CAFRA fee motion. Kennedy. Why do you think Judge Wilson did that? Because I think Judge Wilson was misled by the government's briefing and clearly didn't understand that under Buchanan he was denying us our right to apply for fees. He's a very experienced judge. He's very serious. He's very smart. And he's very thorough. But if he always got it right, we wouldn't need appeals courts. And in this instance, I respectfully submit, he got it very wrong and he got it wrong twice. So you think if it went back, he'd be open to giving you something? If it goes back with a direction to dismiss with prejudice, as I strongly submit it should go back, then what we would do, assuming that's what happens, we would file the motion for CAFRA fees, we would show that we had substantially prevailed because there's only one car at issue and we got the car back, and then we would submit the work that, you know, we would submit our bill for the time and the hours that went in to getting the car back. I mean, I think the government concedes in this case repeatedly. Actually, you know, the government got the law right in their motion to remand the case to Judge Wilson. That's where they conceded that these cases that I just cited say you can't you have to be a prevailing party in order to apply for fees. It's only in its answer in brief that it's now kind of sidled away from the position that it took on its motion for a remand. So why don't we let the government state its position? Very well. And may I reserve the rest of my time? It's reserved if you need it. Thank you. May it please the Court. Assistant United States Attorney Stephen Arwalt for the government. There's two problems with the claimant's argument here. The first is that remanding this case with directions to dismiss the case with prejudice necessarily eliminates the district court's discretion, which is admittedly broad. The second is that remanding the case with directions to dismiss the case with   prejudice eliminates the district court's discretion. What did you ask us to do that the appellate commissioner rejected? Well, what we the government asked for a remand to the district court so that the district court could consider the authority that was cited in the motion for remand that is argued. It's directly on point. Yes, it is. It deals with this issue. And we felt that it was appropriate for the district court to reconsider or to look at that authority in making its decision because, unfortunately, it was not provided that authority by either side at the district court level. Now, what's the discretion going to be? What's the discrete or discretionary issue that will be before the district court? As the district court properly recognized, there are two separate exercises of discretion here in this case. The first is what the district court decided in its order, and that is whether there should be an award of attorney's fees and costs as a condition of dismissal and it properly determined that it should not. But the district court recognized that this issue of whether the claimants are a prevailing party here in a very unique set of circumstances, that that's a separate determination that can be deferred until after the dismissal. The government never argued that the district court did not have jurisdiction to determine a fee award after the dismissal. In fact, the government made it clear in its papers moving for dismissal that that's exactly what it expected to happen next. So I'm still trying to – what is it that Judge Wilson has to evaluate to decide to dismiss with prejudice? I think he needs to decide whether a dismissal without prejudice necessarily prohibits the district court from entering a fee award after. It does. That's the law. They're not a prevailing party. Right? I disagree, Your Honor. I think the issue of prevailing party – there's different considerations that go into whether they're a prevailing party within the meaning of Section 2465 that are separate from the issue of what the grounds are for determination. The reason I say that is because a dismissal with prejudice is treated as a decision on the merits for most of the government. Right. Exactly. It forecloses the refiling by the government. Correct. But it also has the effect under 28 U.S.C. 2465 of giving the claimants, in this case in particular, an inordinate advantage at the next level. Right. That's what a dismissal with prejudice does. He was prepared to dismiss it, and he was prepared to consider fees, but it doesn't mean that they get fees. But why aren't they entitled to dismissal with prejudice on the facts of this case? Well, because of the effect that the dismissal with prejudice would have, and that is that it does give them an entitlement. A dismissal with prejudice here under 2465 gives the claimants an entitlement to a fee award under that section. Well, it qualifies them for it. Okay. But I think the court still has the authority to decide whether and how much in fees they get. Isn't that correct? That's a separate discretionary issue. Okay. So you're saying that the district court should basically have a fee hearing before it decides whether or not it wants to give them a dismissal with prejudice, which would give them a leg up on the fees. No, Your Honor. What the government is saying, that by dismissing with prejudice, it leaves the parties on level ground, and that the district court is left during the fee litigation. If he dismisses without prejudice, there is no prevailing party status. They don't get to come in and claim fees. Isn't that correct? I don't think that's correct under section 2465. I don't think it's necessarily the case. Well, then why did you want to remand? Because we felt it was inappropriate for the appeal to go forward when the district court had not considered any of this authority in the first instance. It was clear that the district court felt that it had the authority post-dismissal to consider the fee application. Well, it thought so, but it didn't cite the relevant case law, nor did it get cited, more importantly, to the district court. Correct. Well, I'm still curious as to what kind of argument you're going to make that distinguishes our case law. The distinction being it has to do with the fact that the mere nature of a dismissal, whether it's a dismissal with prejudice or without, is not really the deciding factor. Looking at Miles, Katkin, and Oscar, the question is what is the effect of the dismissal that is the real determining factor, and particularly whether the government has the ability, whether the defendant, or in this case the claimant, is subject to a risk of further litigation going forward. So? I'm sorry? And if it's dismissed without prejudice, are you saying that even if Judge Wilson reenters dismissal without prejudice in the face of our case law, that somehow they could still get over the hurdle that you aren't, that they didn't get anything that would preclude you from reinstituting litigation, and therefore they aren't a prevailing party? Well, no. The government's point is, Your Honor, that in this case the dismissal without prejudice does result in the government being incapable of refiling the case. Because there's two reasons. Number one, and I'll go with the more important one first. The statutory provision that allows the government to file this forfeiture case in the first place is 18 U.S.C. Section 983. That provision says when the government commences nonjudicial administrative forfeiture proceedings in the first instance, which it did here, and the claimant files a claim, the government has 90 days to file a forfeiture complaint. If it doesn't file a forfeiture complaint, a civil judicial complaint, within 90 days, it is forever barred from filing a complaint against that person. So you're forever barred. Well, yes. There's no provision in the statute that suggests that the government, the complaint was timely filed here. But there's no provision in the statute that suggests that the government can timely file a complaint, then dismiss it. So why does Judge Wilson have to go through this litigation on this case to establish what you are willing to concede, that they have prevailed, they have, you are foreclosed? So what's the big deal about it being a dismissal with prejudice? Well, because Why would he ever do it without prejudice at this stage, since you're saying you can't do anything more? So that he could determine, as a matter of the attorney's fees question, whether they substantially prevailed within the meaning of 2465. And that's when the facts of this come into play. I see. So you want to save the argument that they didn't really prevail substantially. They only backed into cutting you off because you guys screwed up. Well, we want to make the argument that they backed into prevailing because the government was led to believe that there was a set of facts that it turned out not to be true. The government's reasons for dismissing this case had to do with claims that were made about the claimant's health and her need to have this car for life-sustaining purposes. And the district court took that into consideration. This was a case You're saying that the district court would revisit the question of dismissal without prejudice, but on the condition of awarding fees. Is that a possibility? I'm sorry. Would the district court revisit dismissing without prejudice, but on the condition of awarding fees? Is that still an option if we remanded? Yes. I think that probably is an option. If it understood the context in which it was operating? I think the district court has the option of doing what it did. In essence, dismissing without prejudice and then deferring the question of whether the claimant substantially prevailed within the meaning of the statute. Or dismissing with prejudice and then deciding, I suppose, at the next step, whether the underlying circumstances, including the early agreement to settle without with waiver of fees and costs that was later rescinded, whether that has some effect on whether or not the claimant substantially prevailed overall in the case. And then, of course, there's the next consideration of what the reasonable amount of fees would be to be awarded. And the biggest problem we have here is that we never got to any of those critical, important issues because the claimants failed to file their motion for fees in the first place. Well, yeah, the court made it pretty clear that they were setting a hearing for it. And they said under their reading of the law, we can't get them because we can't get over the prevailing party hurdle. Unless you conceded that and it was binding, they were right.  I think we now understand your strategic argument, and the question is whether we should do what we should do about it.  Thank you, Your Honor. Thank you. So why shouldn't we do what the government suggests, let Judge Wilson serve his sentence? Well, because you can't under your own decision, under your own line of decisions, because the government is completely, unequivocally, absolutely and unalterably wrong in its characterization of the law. As you know from the opinion you wrote in Cadkin, you don't get to apply for attorney's fees unless you're the prevailing party. You don't get to be the prevailing party unless there's a dismissal with prejudice. Here's the government's request for a remand. A dismissal without prejudice will not allow a party to be considered a prevailing party for purposes of fee award. That's the government in a judicial admission before this Court requesting a remand. Then when the appellate commissioner called their bluff, they backed away from it because they didn't want to go back on a 60B motion and ask Judge Wilson to set aside the erroneous ruling that they induced them to make, and they certainly weren't going to agree to a complete remand because then they'd be liable for fees here. Are the cases applying 2465? No. They apply other fee-shifting statutes that for the purposes of our argument here are indistinguishable. Counsel, respectfully, has mushed together, has conflated in a more artful term, the notion of substantially prevailing and being a prevailing party. Those are discrete issues. When we – if we are fortunate to get this case reversed with the appropriate direction, then when we make our motion, we will say that we have substantially prevailed because in this case there was only one thing to prevail on, which was the return of my innocent octogenarian claimant's car, which we did. As an example, I've represented car dealers. If the government had seized 156 cars like they did once and they dismissed this to one with prejudice, on the motion for fees claiming substantially prevailing, the motion wouldn't get made because one car out of 156 I don't think would be substantially prevailing. But this is all in the fee motion. It's not in the motion to dismiss. And so where we are, and to answer the question Judge Mueller put to my colleague, no, the Court can't do that. The Court can't award fees as a condition of a dismissal without prejudice because that's under Rule 41a2 and there's a sovereign immunity bar to that because you can't award fees against the government. That way. You can only award fees against the government under CAFRA, which takes the fee award out of the American rule and makes it, it makes the fee award, it's, I don't want to say mandatory, but I'm going to say mandatory subject to us having substantially prevailed. And then you get into do you pay us for opposing the stay motion, which the judge went back and forth on. If you look at the transcript, then at the end of the motion he initially denied it because he misspoke and I had to point out to him that he made a mistake. So, but that's what happens in every fee motion. What did you do and how much an hour do you get for it and what costs are compensable? We don't get there, as Your Honor has pointed out, until we get prevailing party status, which we should get because Judge Wilson clearly abused his discretion as a matter of law. Thank you. All right. Thank you, counsel. The case is submitted and we'll stand in about a 10-minute recess. Thank you.
judges: Mueller, Noonan, Fisher